Sullivan,
Mar. 6, 1951. } No. 3982.

RICHARD NICKERSON *v.* LACONIA HOSPITAL ASSOCIATION.

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Irving H. Soden* orally), for the plaintiff.

*Nighswander & Lord (Mr. Hugh H. Bownes* orally), for the defendant.

BLANDIN, J.  The main questions are first, was the defendant association negligent in maintaining a known dangerous condition without warning the plaintiff, and second was the plaintiff justifiably ignorant of it.  In our opinion the answer to both of these questions is yes.

The plaintiff's expert testified that wooden plugs, due to moisture and compression from the pressure of the screw within and of the

wall without, lose their elasticity and tend to become loose within a year or two so that the hooks pull out. This is what happened and within the two years prior to the accident all the hooks except the one holding the chain which gave way with the plaintiff became loose and the wooden plugs were replaced with lead. This the defendant knew was generally used and was safer than wood. The defendant also knew that many people waited on the porch, particularly in summer and there was testimony that the defendant knew that children played about the porch and that if anyone put weight on a chain a loose hook might come out. It seems reasonably expectable that someone whiling away this tedious waiting might lean against these massive chains. Under all the circumstances the defendant's negligence in maintaining this arrangement was for the jury.

However, this is not enough to warrant the verdict since the plaintiff must also show that the defendant not only should have but actually did know that the danger which caused the plaintiff's injury existed. *Sandwell* v. *Hospital*, 92 N. H. 41; Restatement, Torts, s. 342. There was testimony from the defendant's employees that having found the hooks became loose they realized there was danger and tested them as often as once a week to be sure they were secure. Three out of four hooks originally screwed into the wooden plugs had become loose and had been replaced before this accident occurred. The defendant admittedly knew that the hooks in the wooden plugs became loose, that this was dangerous and that no one could tell when it might happen. It was therefore findable that the defendant was aware of the peril and that the plaintiff was justifiably ignorant of it. The fact that the defendant could not anticipate the instant when or the exact manner in which the peril would become operative cannot excuse it. *Kenney* v. *Wong Len*, 81 N. H. 427, 428, 429; *Bouley* v. *Company*, 90 N. H. 402.

The only other exceptions meriting discussion are to evidence of the replacement of the wooden plugs before the accident by lead which was the "general procedure" and also of a device known as a spreader for holding the hooks firm. This evidence was limited by the Court to its bearing on the defendant's due care and was admissible to show its awareness before the accident of the dangers of wooden plugs and also that there were other safer and commonly used methods available. *Hood* v. *Nashua*, 91 N. H. 98. It follows the order must be

*Judgment on the verdict.*

All concurred.